# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ALICIA ANDERSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 24-101 (JLH) |
| | ) |
| CANON SOLUTIONS AMERICA, INC., | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM ORDER

1. Plaintiff Alicia Anderson appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 4.) The Court proceeds to review and screen the Complaint (D.I. 2) pursuant to 28 U.S.C. § 1915(e)(2)(B).

2. Plaintiff was employed by Defendant until her termination on August 3, 2022. Plaintiff alleges that she was discriminated against based on her race, color, sex, religion, national origin, and age. Plaintiff attached to her complaint a 71-page, single-spaced list of alleged improprieties engaged in by her coworkers and others. Plaintiff's grievances are organized by date and appear to span the entire length of her employment with Defendant. Many of the allegations do not suggest any kind of discrimination, for example, Plaintiff's complaint about not being given an adequate flashlight and complaints about her coworkers being late for work. The allegations in the attachment often contain labels and bald assertions of "discrimination" and "sexual harassment," but there are not sufficient facts pleaded that would allow the Court to assess whether those allegations are plausible. Plaintiff also attached exhibits to her complaint that indicate that, within weeks of her termination, Plaintiff filed for and was found eligible for unemployment insurance benefits by the Delaware Department of Labor (DDOL). (D.I. 2-1.) Plaintiff apparently filed an EEOC complaint, which was also investigated by DDOL, but the record does not contain

DDOL's findings. The exhibits attached to the complaint do reflect that Plaintiff received a right to sue letter dated October 23, 2023, from the Equal Employment Opportunity Commission (EEOC), which "adopted the findings" of the DDOL. (*Id.*)

3.  A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013) (quotation marks omitted). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). When a plaintiff proceeds *pro se*, the pleading is liberally construed, and the complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

4.  Even when liberally construing Plaintiff's pleading and viewing the complaint in the light most favorable to Plaintiff, the complaint fails to state a claim. Without a clear and concise statement of facts regarding who specifically is alleged to have discriminated against Plaintiff and what specifically they did that gives rise to an inference of discrimination, the Court cannot conclude that Plaintiff's discrimination claims are plausible. The Court cannot credit the complaint's bald assertions and legal conclusions in the absence of supporting factual allegations.[1]

---

[1] To plead employment discrimination under Title VII, Plaintiff must allege facts plausibly suggesting that (1) she is a member of a protected class, (2) she was qualified for the position in question, (3) she suffered an adverse employment action, and (4) the adverse action occurred under circumstances giving rise to an inference of discrimination. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973); *see also Sarullo v. United States Postal Serv.*, 352 F.3d 789, 797 (3d Cir. 2003). For age discrimination, Plaintiff must plausibly plead that (1) she is over forty, (2) she is qualified for the position in question, (3) she suffered from an adverse employment decision, and (4) her replacement was sufficiently younger to permit a reasonable inference of age discrimination. *Hill v. Borough of Kutztown*, 455 F.3d 225, 247 (3d Cir. 2006).

5.  For the above reasons, the complaint fails to state a claim and is therefore **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  Plaintiff is given leave to amend to fix the deficiencies within 14 days.  Any amended complaint shall be filed on or before April 28, 2025.  The case will be closed should Plaintiff fail to timely file an amended complaint.

Dated: April 14, 2025

_____
The Honorable Jennifer L. Hall
United States District Judge